UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

GAY LEE,

            Plaintiff,

v.

CALVIN O. BUTTS, SAMUEL DANIEL,
JOHN MAHER, PAULETTE SENIOR, and
KARL KIRTON,

            Defendants.

11 Civ. 2358 (LBS)

**MEMORANDUM & ORDER**

SAND, J.

    Plaintiff Gay Lee ("Plaintiff") objects to Magistrate Judge Andrew J. Peck's discovery ruling, made from the bench on December 1, 2011, requiring Plaintiff to bear the cost of her discovery requests. *See* Dkt. # 68. When a party files a timely objection to a magistrate judge's order on a non-dispositive matter, the district judge to whom the case is assigned shall modify or set aside any portion of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a). Discovery issues are, for the most part, considered non-dispositive. *Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d. Cir 1990). Therefore, this court will not modify Judge Peck's order unless it is clearly erroneous or contrary to law. It is neither.

    Plaintiff's sole argument is that Judge Peck's ruling "would countermand the statutory command and intent of [29 U.S.C. §1132(c) of] ERISA" because Defendants as well as Plaintiff's employer, North General Hospital ("NGH"), were statutorily obligated to provide Plaintiff with documents and information relating to her pension plan. They failed to do so, which forced Plaintiff to resort to the use of the subpoena at issue here. Pl.'s Objections to Judge Peck's Disc. Order, Ex. E. In other words, Plaintiff argues the the size (and cost) of her discovery request is a direct result of Defendants' failure to comply with ERISA, and that it would be unlawful (not to mention unjust) to force Plaintiff to bear the cost of Defendants' malfeasance. Perhaps—but 29

U.S.C. § 1132(c) does not impose a duty to disclose on Defendants, but only on NGH, which is not a party to this suit.

29 U.S.C. § 1132(c)(1) imposes a duty on "[a]ny administrator" to comply with a participant's or beneficiary's request for plan documents and information. An administrator is defined as "(i) the person specifically so designated by the terms of the instrument under which the plan is operated; (ii) if an administrator is not so designated, the plan sponsor; or (iii) in the case of a plan for which an administrator is not designated and a plan sponsor cannot be identified, such other person as the Secretary may by regulation prescribe." 29 U.S.C. § 1002(16)(A)(i). The parties have not alleged the existence of any "person ... so designated," so the administrator is the "plan sponsor." 29 U.S.C. § 1132(c). The "plan sponsor" for single employer benefits plans is the employer. 29 U.S.C. § 1002(16)(B). In this case, therefore, the plan sponsor is NGH, and not the named Defendants. If Plaintiff wishes to sue NGH for failure to abide by 29 U.S.C. § 1132(c)(1), Plaintiff may do so separately. Plaintiff may not, however, shoehorn alleged ERISA violations into Rule 45 document production requests.

Judge Peck's December 1, 2011, Discovery Order is hereby affirmed.

**SO ORDERED.**

January 3, 2012
New York, N.Y.

_____
U.S.D.J.